**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARY K. PRIMROSE,** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 1:11-00835** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **TRENT MELLOTT and TOWNSHIP OF** | : | |
| **UPPER ALLEN,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM ORDER</u>

Presently pending before the Court are four motions in limine filed by Plaintiff Mary K.

Primrose (Doc. No. 31) and one motion in limine filed by Defendant Trent Mellott (Doc. No.

29).  The Court will address each motion in turn.

## I.   PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM REFERENCING HER FAMILIAL RELATIONSHIP WITH HER COUNSEL

Plaintiff's first motion in limine seeks to preclude Defendant from referencing the fact

that Plaintiff's counsel is Plaintiff's brother-in-law on the grounds that this familial relationship

is "irrelevant to the issues for trial" and "could cause unnecessary and potentially prejudicial

speculation by the jury."  (Doc. No. 31 ¶ 1; Doc. No. 32 at 2.)  Evidence is considered relevant if

"it has any tendency to make a fact more probable or less probable than it would be without the

evidence" and "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  In this

action, Plaintiff claims that, as a result of Defendant's conduct, she suffered damages in the form

of attorney's fees – owed to her current counsel –  incurred in a state court proceeding.

Although Plaintiff intends to present evidence at trial indicating that her counsel issued her a bill

for his services, the Court finds that Plaintiff's familial relationship with her counsel is relevant

to the issues of whether Plaintiff's counsel will actually require Plaintiff to remit payment for his

services, the fee arrangement, and whether the relationship impacted the decision to bring this action.  The relationship, therefore, bears directly on the extent of Plaintiff's damages, and its probative value is not substantially outweighed by the danger of unfair prejudice.  Accordingly, the Court will deny Plaintiff's first motion in limine.

II.     **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING EVIDENCE, OR ELICITING TESTIMONY, REGARDING PLAINTIFF'S CONDUCT PRIOR TO PLAINTIFF'S ARGUMENT WITH DIXIE ANDERSON AT THE GENEVA GREENS APARTMENT COMPLEX OFFICE**

Plaintiff's second motion in limine seeks to bar Defendant from introducing evidence, or questioning witnesses, regarding Plaintiff's conduct prior to Plaintiff's argument with Dixie Anderson in the leasing office of the Geneva Greens apartment complex.  (Doc. No. 31 ¶ 2.) Specifically, Plaintiff argues that evidence or testimony indicating that Plaintiff yelled profanities and placed a note on a neighbor's car prior to her argument with Ms. Anderson is not relevant because Defendant was either not aware of, or did not consider, such information when he issued the summons for disorderly conduct.  (Doc. No. 32 at 2-3.)  Evidence of record, however, reveals that Defendant was provided with this information before he issued the summons.  (Doc. No. 12-2 at 11-2.)  The Court, therefore, will not bar Defendant from introducing evidence, or eliciting testimony, regarding this conduct.

III.    **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF PLAINTIFF'S CRIMINAL CONVICTION AND MEDICAL HISTORY**

Plaintiff's third motion in limine seeks to preclude Defendant from introducing evidence of Plaintiff's criminal conviction and medical history on the basis that such evidence is irrelevant and highly prejudicial.  (Doc. No. 31 ¶ 3; Doc. No. 32 at 3.)  In opposition, Defendant argues that: (1) Plaintiff's history of substance abuse is relevant to Plaintiff's claim for damages for

emotional distress; and (2) Plaintiff's criminal conviction is admissible because she was convicted of forging checks, a <u>crimen</u> <u>falsi</u> crime.  (Doc. No. 44 at 2.)

With respect to Plaintiff's criminal conviction, Rule 609(a)(2) of the Federal Rules of Evidence provides: "[F]or any crime regardless of the punishment, the evidence [of a criminal conviction] must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." Fed. R. Evid. 609(a)(2).  "Therefore, if the prior conviction involved dishonesty or false statements, the conviction is automatically admissible insofar as the district court is without discretion to weigh the prejudicial effect of the proffered evidence against its probative value." <u>Walker v. Horn</u>, 385 F.3d 321, 333 (3d Cir. 2004) (citation and internal quotation marks omitted).  Rule 609(a)(2), however, "must be construed narrowly to apply only to those crimes that bear on a witness' propensity to testify truthfully." <u>Id.</u> (internal quotation marks omitted).

In her trial brief, Plaintiff asserts that she "was not found guilty of forging checks" but, rather, "pled guilty to issuing checks which were not honored."  (Doc. No. 46 at 10-11.) Defendant, in his trial brief, identifies Plaintiff's criminal records from the Court of Common Pleas of Cumberland County, Pennsylvania, Docket Number CP-21-CR-0000379-1985, and the Court of Common Pleas of York County, Pennsylvania, Docket Number CP-67-CR-0001488-2005, as potential exhibits at trial.  (Doc. No. 47 at 7-8.)  A review of the records from the proceeding in the York County Court of Common Pleas reveals that the charges raised against Plaintiff were dismissed pursuant to Rule 586 of the Pennsylvania Rules of Criminal Procedure; thus, Defendant is prohibited from introducing evidence relating to these charges.  Records from the proceeding in the Cumberland County Court of Common Pleas, however, show that Plaintiff

pled guilty to three counts of violating Pennsylvania's bad checks statute, 18 Pa. C.S. § 4105.

The question before the Court, then, is whether a "bad check" offense under this statute is one in

which it "can readily [be] determine[d] that establishing the elements of the crime required

proving . . . a dishonest act or false statement."  Fed. R. Evid. 609(a)(2).

18 Pa. C.S. § 4105 provides in relevant part:

>   **(a)**     **Offense defined. --**
>
>   (1)     A person commits an offense if he issues or passes a check or
>           similar sight order for the payment of money, knowing that it
>           will not be honored by the drawee.
>
>   (2)     A person commits an offense if he, knowing that it will not be
>           honored by the drawee, issues or passes a check or similar
>           sight order for the payment of money when the drawee is
>           located within this Commonwealth. . . .

18 Pa. C.S. § 4105(a).  Based on the "guilty knowledge requirement" – knowledge that the check

will not be honored by the drawee – the Court finds that this crime requires proof of dishonesty

or false statement.  See United States v. Miller, No. 09-cr-4014, 2009 WL 3676394, at *4 (N.D.

Iowa Oct. 30, 2009) (holding that a "bad check" offense under Iowa's theft statute requires proof

of dishonesty or false statement because of its "guilty knowledge requirement"); Shubert v. B.P.

Exploration & Oil Co., No. 92-cv-2466, 1993 WL 534144, at *1 (E.D. La. Dec. 13, 1993) ("A

conviction for . . . issuing bad checks is clearly a matter of dishonesty or false statements . . . .").

Therefore, Plaintiff's "bad check" offense is admissible for impeachment purposes pursuant to

Rule 609(a)(2).

Regarding Plaintiff's history of substance abuse, Defendant offers little support for his

argument that Plaintiff's prior treatment for addiction and her "MADD sentence" bear on her

claim for emotional distress.  Absent some offer of proof beyond mere speculation that links

these 2001 and 2004 events to Plaintiff's damages claim, these matters are excluded as irrelevant.

IV.     **PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING EVIDENCE, OR ELICITING TESTIMONY, REGARDING INFORMATION THAT WAS NOT RELAYED TO DEFENDANT BEFORE HE ISSUED THE SUMMONS FOR DISORDERLY CONDUCT**

Finally, Plaintiff moves in limine to preclude Defendant from introducing evidence, or eliciting testimony, regarding information that was not reported to Defendant prior to the time he issued the summons for disorderly conduct.  (Doc. No. 31 ¶ 4.)  Plaintiff contends that "since it is only Defendant['s] . . . action, after speaking to the witnesses, which is in issue, testimony by Plaintiff, Anderson and Zechman about what they remember about the incident is not relevant. The only relevant evidence and testimony is what Defendant . . . was actually told by them." (Doc. No. 32 at 4.)  The Court agrees that evidence regarding Plaintiff's conduct that was not reported to Defendant before he issued the summons is not relevant.  Therefore, the Court will grant this motion on that basis.  To be clear, however, Defendant is not barred from examining witnesses about the conduct of Plaintiff prior to, and during, her argument with Ms. Anderson so long as the scope of the examination is limited to information that was relayed to Defendant prior to the time he issued the summons.

V.      **DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING ANY EVIDENCE REGARDING ANY CONVERSATION BETWEEN PLAINTIFF'S COUNSEL AND DEFENDANT REGARDING OBSCENITY CASE LAW**

Defendant's motion in limine seeks to prohibit Plaintiff from introducing any documents, or eliciting testimony, regarding any conversation between Plaintiff's counsel and Defendant regarding obscenity case law.  (Doc. No. 29.)  The undersigned discussed this motion with

counsel at the August 29, 2012 pretrial conference, and Plaintiff's counsel indicated that he intended to introduce such evidence or elicit such testimony only if Defendant's counsel sought to admit documents pertaining to Defendant's training.  Defendant's counsel stated that although she intended to ask Defendant general questions about his training and experience as a police officer for the Township of Upper Allen at trial, she did not intend to admit the documents into evidence.  Thus, the Court will deny this motion as moot.

## VI.    CONCLUSION

ACCORDINGLY, on this 7th day of September 2012, **IT IS HEREBY ORDERED THAT** Defendant's motion in limine (Doc. No. 29) is **DENIED AS MOOT**, and Plaintiff's motions in limine (Doc. No. 31) are **GRANTED IN PART** and **DENIED IN PART** as follows:

1.    Plaintiff's first and second motions are **DENIED**;

2.    Plaintiff's third motion is **DENIED** to the extent that it seeks to preclude evidence of Plaintiff's "bad checks" criminal conviction in the Court of Common Pleas of Cumberland County, Pennsylvania;

3.    Plaintiff's third motion is **GRANTED** to the extent that it seeks to preclude evidence of the charges brought against Plaintiff in the Court of Common Pleas of York County, Pennsylvania;

3.    Plaintiff's third motion is **GRANTED** to the extent that it seeks to preclude evidence of Plaintiff's "MADD sentence" and history of substance abuse, but Defendant is permitted to make an offer of proof demonstrating the relevance of these events; and

4.    Plaintiff's fourth motion is **GRANTED** to the extent that it seeks to preclude evidence or testimony relating to events that were not reported to Defendant prior to his issuance of the summons for disorderly conduct.

s/ Yvette Kane
Yvette Kane, Chief Judge
U.S. District Court
Middle District of Pennsylvania