IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY K. PRIMROSE,** : | |
|     Plaintiff : | |
| : | No. 1:11-cv-00835 |
| v. : | |
| : | (Judge Kane) |
| **TRENT MELLOTT and TOWNSHIP OF** : | |
| **UPPER ALLEN,** : | |
|     Defendants : | |

## MEMORANDUM

Before the Court are Plaintiff Mary K. Primrose's objections (Doc. No. 77) to the bill of costs taxed to her by the Clerk of Court (Doc. No. 75.) For the reasons that follow, the Court will overrule Plaintiff's objections, and affirm the Clerk of Court's taxation of costs.

**I.   BACKGROUND**

On May 3, 2011, Plaintiff Mary K. Primrose filed suit against Defendants Trent Mellott and the Township of Upper Allen, Pennsylvania, alleging violations of her federal constitutional rights pursuant to 42 U.S.C. § 1983, and a state law claim of false arrest. (Doc. No. 1.) A jury returned a verdict for Defendants on September 11, 2012, and judgment in favor of Defendants was entered the same day. (Doc. No. 57.) Plaintiff filed a notice of appeal on September 12, 2012. (Doc. No. 61.) The United States Court of Appeals for the Third Circuit affirmed the judgment of the Court on July 24, 2013. (Doc. No. 68.) The Clerk of Court taxed $2,061.25 in costs to Plaintiff on April 21, 2014. (Doc. No. 73.) Plaintiff timely filed objections to the taxed costs on April 28, 2014. (Doc. No. 77.)

**II.   DISCUSSION**

Federal Rule of Civil Procedure 54(d)(1) provides that costs other than attorneys' fees

shall be allowed as a matter of course to the prevailing party.  Fed. R. Civ. P. 54(d)(1).  Rule 54 creates a "strong presumption" that costs are to be awarded to the prevailing party.  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462-63 (3d Cir. 2000).  To overcome this strong presumption the Court must "support[] that determination with an explanation."  Id. (internal citations omitted).  "Moreover, the losing party bears the burden of making the showing that an award is inequitable under the circumstances."  Id.  In determining whether an award of costs may be inequitable, the Court may consider "the losing party's potential indigency or inability to pay the full measure of a costs award levied against [him or her.]"  Id. at 468.  To determine whether a losing party's indigency creates inequity, the Court measures "Plaintiff's financial condition as it compares to whatever award the Court decides to tax against him or her."  Id. at 464 n.5.  The Court should use "common sense in making this determination."  Id.

Plaintiff requests the Court exercise its discretion to not tax costs against her because she is indigent and unable to pay the costs.  (See Doc. No. 77.)  In support, Plaintiff submits an affidavit wherein she asserts that her "only source of income is social security disability benefits in the amount of $883.00 per month," that she has "neuropathy from type 1 diabetes and cannot work," and that she receives rent subsidy payments for housing.  (Id. at 3.)  She further states that she has "been unable to pay [her] obligations, and [has] consistently relied upon monetary assistance and loans from family members and friends."  (Id. at 4.)  Plaintiff also submitted a copy of her social security disability benefits statement and rent subsidy agreement.  (Id. at 5-6.)

Although the Court notes the limitations of Plaintiff's monthly income, it does not find the taxation of $2,061.25 against her to be inequitable.  In comparing the costs taxed against Plaintiff to those taxed against indigent losing parties for whom courts have reduced or vacated

costs, the Court notes that those litigants established that their taxed costs presented much larger financial burdens than that imposed on Plaintiff.  See In re Paoli, 221 F.3d 449 (remanding bill of costs of $184,675.12 for the district court's reconsideration due to defendants' indigency); Yudenko v. Guarinni, No. 06-4161, 2010 WL 2490679, at *5 (E.D. Pa. June 15, 2010) (vacating costs where unsuccessful plaintiff had only $6.62 in his bank account, with an outstanding debt of $20,873.08).  Further, "[s]ome consequences should follow for filing but losing a case, even a civil rights case."  Guynup v. Lancaster Cty., No. 06-4315, 2009 WL 3073718, at *2 (E.D. Pa. Sept. 24, 2009).  The Court thus finds that Plaintiff has not overcome the strong presumption that costs should be awarded to the prevailing party.  Additionally, the Court finds no error in the Clerk of Court's calculation of the costs to be taxed to Plaintiff.  Accordingly, the Court will overrule Plaintiff's objections and affirm the Clerk of Court's taxation of costs.  An order consistent with this memorandum follows.